# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ALICIA WILLINGHAM, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NANCY A. BERRYHILL, ) <br> Acting Commissioner of Social Security, ) <br> ) <br> Defendant. ) <br> _____) | CIVIL ACTION <br><br> No. 17-1061-JWL |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying Supplemental Security Income (SSI) benefits under sections 1602, and 1614(a)(3)(A) of the Social Security Act. 42 U.S.C. §§ 1381a, and 1382c(a)(3)(A) (hereinafter the Act). Finding the Administrative Law Judge (ALJ) failed to explain why he did not adopt Dr. Hunter's opinion that Plaintiff should "avoid even moderate exposure" to noise, despite according significant weight to Dr. Hunter's opinion, the court ORDERS that the Commissioner's final decision shall be REVERSED, and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING this case for further proceedings consistent with this decision.

**I.  Background**

Plaintiff applied for SSI benefits, alleging disability beginning June 17, 1999. (R. 14, 170). Plaintiff exhausted proceedings before the Commissioner, and now seeks judicial review of the final decision denying benefits. She argues that the ALJ failed to explain why he did not adopt Dr. Hunter's opinion that Plaintiff should "avoid even moderate exposure" to noise, despite according significant weight to Dr. Hunter's opinion; and that he erroneously concluded that Plaintiff has no functional limitation in concentration, persistence, or pace despite three medical opinions that her concentration was impacted by her impairments.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord,

Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988)).  Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

      The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. § 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses claimant's residual functional capacity (RFC).  20 C.F.R. § 416.920(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the sequential process--determining at step four whether, with the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

Remand is necessary because the court finds error in the ALJ's failure to explain why he rejected Dr. Hunter's opinion regarding noise. Therefore, the court need not consider whether the ALJ erred in evaluating Plaintiff's concentration, persistence, or pace. Plaintiff may make her arguments in this regard, if desired, on remand.

## II. Discussion

Plaintiff notes that the ALJ accorded significant weight to the non-examining source medical opinion of Dr. Hunter, and that the ALJ limited Plaintiff to an environment with no more than moderate background noise. (Pl. Br. 7) (citing (R. 18, 21). She argues that Dr. Hunter opined that Plaintiff must avoid even moderate exposure to noise, and that the ALJ failed his duty pursuant to Social Security Ruling (SSR) 96-8p to provide a narrative discussion explaining why he did not adopt this opinion of Dr.

4

Hunter which conflicts with the ALJ's assessment of a need only to avoid <u>more than</u> moderate noise. The Commissioner acknowledges that "the ALJ did not adopt Dr. Hunter's more restrictive limitation from exposure to even moderate noise." (Comm'r Br. 9). She argues that assessing RFC is the ALJ's duty, and "the issue is whether substantial evidence supports the ALJ's decision, not the Plaintiff's position." <u>Id.</u> at 10. She points out that it is "the ALJ's duty to resolve conflicts in the evidence." <u>Id.</u> (citing <u>Perales</u>, 402 U.S. at 401). Specifically, she argues:

> Contrary to Plaintiff's contention that the ALJ failed to explain why he provided less limitation in this regard (from exposure to more than moderate noise) despite affording Dr. Hunter's opinion significant weight, or to acknowledge this discrepancy (Plaintiff's Brief at 7-8, 10), the ALJ's finding in this regard was supported by Plaintiff's improvement with hearing aids, as discussed above.

<u>Id.</u> at 9-10.

As Plaintiff suggests, the Commissioner issued SSR 96-8p "[t]o state the Social Security Administration's policies and policy interpretations regarding the assessment of residual functional capacity (RFC) in initial claims for disability benefits." West's Soc. Sec. Reporting Serv., Rulings 143 (Supp. 2017). The Ruling also includes narrative discussion requirements for the RFC assessment which must include consideration of medical opinions regarding plaintiff's capabilities. <u>Id.</u> at 149-50. If the ALJ's RFC assessment conflicts with a medical source opinion, the ALJ must explain why he did not adopt the opinion. <u>Id.</u> at 150. Here, as the Commissioner recognizes, the ALJ did not adopt Dr. Hunter's opinion that Plaintiff must avoid even moderate exposure to noise. And, as Plaintiff argues, the ALJ did not explain why he did not adopt that opinion.

The Commissioner does not really argue that the ALJ explained his rationale. Rather, as the quotation above confirms, she argues that the ALJ's finding is supported by the evidence--specifically that Plaintiff's hearing improved with hearing aids. Possibly that is true, but it is not the court's position to weigh the evidence in the first instance. An ALJ's decision must be evaluated based solely on the reasons stated in the decision. Robinson v. Barnhart, 366 F.3d 1078, 1084 (10th Cir. 2004). A decision cannot be affirmed based on counsel's post hoc rationalizations for agency action. Knipe v. Heckler, 755 F.2d 141, 149 n.16 (10th Cir. 1985). A reviewing court may not create post-hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision. Grogan v. Barnhart, 399 F.3d 1257, 1263 (10th Cir. 2005). Here, the ALJ did not follow the requirements of SSR 96-8p, the court is without authority to correct that error, and remand is necessary for the Commissioner to do so.

**IT IS THEREFORE ORDERED** that the Commissioner's final decision shall be REVERSED, and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING this case for further proceedings consistent herewith.

Dated February 26, 2018, at Kansas City, Kansas.

s/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**